**ANDRLE et al. v. FAJKUS. (No. 7954.)**

(Court of Civil Appeals of Texas. Galveston. Dec. 23, 1920. Rehearing denied Jan. 13, 1921.)

**Appeal and error ⬤1145—Judgment on former appeal conclusive.**

An appellant, after judgment appealed from has been affirmed because of his failure to present his appeal in accordance with the statute, cannot go back to the trial court, bring proceedings to set aside the judgment setting up the identical grounds of his original motion for a new trial, and obtain the benefit of two appeals from the same judgment.

Error from District Court, Fayette County; M. C. Jeffrey, Judge.

Proceedings by Vincencije Andrle and others against Peter Fajkus to set aside a judgment. Judgment for defendant, and plaintiffs bring error. Affirmed.

See, also, 209 S. W. 752.

John P. Ehlinger, of La Grange, for plaintiffs in error.

L. D. Brown, C. E. Nesrsta, and Geo. L. Haidusek, all of La Grange, for defendant in error.

PLEASANTS, C. J. This proceeding was instituted by plaintiffs in error, hereinafter designated plaintiffs, Vincencije Andrle and wife, Anna Andrle, against the defendant in error, who is hereinafter designated defendant, to set aside a judgment of the district court of Fayette county rendered on December 18, 1916, in a suit in said court in which the defendant in this proceeding, Peter Fajkus, was plaintiff, and the plaintiffs here were defendants, and to recover of the defendants a tract of 89 acres of land, adjudged to him in said suit. Plaintiffs' petition or motion which was filed in the original suit shows that they appealed from the judgment which they are now seeking to set aside, and that the judgment was affirmed by this court.

The identical grounds now urged by plaintiffs for setting aside the judgment were presented to the trial court in a motion for new trial filed during the term of the court at which the judgment was rendered, and were also presented to this court by assignments of error and briefs filed in the cause by plaintiffs. On the appeal to this court plaintiffs' bills of exception were stricken out because they were not approved by the trial judge, or proven as required by the statute, and were not filed in time. No statement of facts was filed with the record, and, the purported bills of exception having been stricken out, the judgment of the lower court was affirmed.

In reply to the motion to strike out the bills of exception, plaintiffs filed affidavits setting up the same matters which are now presented in the petition or motion filed in the court below as excuse for failing to comply with the statute regulating the preparation and filing of bills of exception.

From the foregoing statement it appears that the questions raised by plaintiffs in this proceeding affecting the validity of the judgment sought to be set aside were or should have been presented on their appeal from the judgment.

This being so, it follows that the judgment of this court on said appeal is conclusive of these questions. To hold otherwise would establish a rule which would permit an appellant, after the judgment appealed from had been affirmed because of his failure to present his appeal in accordance with the statute, to go back to the trial court and, by a new motion for new trial setting up the

identical grounds of his original motion, obtain the benefit of two appeals from the same judgment. Manifestly such proceeding cannot be sanctioned.

The defendant in the court below filed a plea to the jurisdiction of the court, which was sustained and plaintiffs' motion dismissed.

We are not prepared to say that the plea should have been sustained on the ground that, because no mandate on the judgment of this court had been filed in the court below, the cause was still pending in this court. But be this as it may, we think it clear that the trial court on the facts shown in the motion had no jurisdiction to grant the motion to set aside the judgment rendered at a former term of the court.

It follows from these views that the judgment should be affirmed, and it has been so ordered.

Affirmed.